# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 11, 2023 Session

## SARA BETH SCHWAB v. ALFRED C. SCHWAB, III

**Appeal from the Chancery Court for Williamson County**
**No. 17CV-46633     Deana C. Hood, Judge**

_____

### No. M2022-00590-COA-R3-CV

_____

This is a post-divorce dispute in which the former husband seeks to terminate alimony *in futuro* based on the fact that a third party, not related by blood, resided with the former wife for several months. It is undisputed that the girlfriend of the parties' son had previously resided in the former wife's home, but that the girlfriend had moved out before the husband filed his petition to terminate alimony. The parties' Marital Dissolution Agreement ("MDA") provides that "alimony shall terminate upon the death of Husband or Wife, the remarriage of Wife, o[r] Wife's cohabitation with someone to whom she is not related by blood pursuant to Tenn. Code Ann. [§] 36-5-121(f)." The trial court held that the reference to § 36-5-121(f) evinced an intent to rely on the so-called "cohabitation statute" in subsection (f)(2)(B), which creates a rebuttable presumption that an alimony recipient does not need the same level of support when they are living with a third person. However, because the son's girlfriend was no longer residing in the wife's home, the trial court summarily dismissed the petition. The trial court relied on a line of cases, including *Woodall v. Woodall*, No. M2003-02046-COA-R3-CV, 2004 WL 2345814 (Tenn. Ct. App. Oct. 15, 2004) and *Wiser v. Wiser*, No. M2013-02510-COA-R3-CV, 2015 WL 1955367 (Tenn. Ct. App. Apr. 30, 2015), which stand for the proposition that "[a]n obligor spouse cannot rely on Tennessee Code Annotated § 36-5-121(f)(2)(B) to terminate or suspend alimony payments if the alleged cohabitation ceased before the modification petition was tried." We affirm the trial court in all respects. The MDA also contains a mandatory attorney fee provision entitling the wife, as the prevailing party, to recover her reasonable expenses incurred in defending this appeal, including attorney's fees and court costs. Accordingly, on remand, the trial court shall make the appropriate award.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

M. Katherine Everette, Nashville, Tennessee, for the appellant, Alfred C. Schwab, III.

Karla C. Miller, Nashville, Tennessee, for the appellee, Sara Beth Schwab.

**MEMORANDUM OPINION**[1]

In June 2018, Sara Beth Schwab ("Wife") and Alfred C. Schwab, III ("Husband") entered into an MDA that provides, in pertinent part:

> 18. **Alimony**. The parties agree that Husband shall pay to Wife alimony *in futuro* . . . .[2] Said alimony shall terminate upon the death of Husband or Wife, the remarriage of Wife, o[r] Wife's cohabitation with someone to whom she is not related by blood **pursuant to Tenn. Code Ann. 36-5-121(f)**.

(Emphasis added).

Less than 18 months later, Husband petitioned to terminate alimony on the ground that Wife had cohabitated with "an individual to whom she is not related by blood pursuant to Tenn. Code Ann. [§] 36-5-121(f)." The individual in question was Brittany Fryman, the girlfriend of the parties' adult son, Alec Schwab. According to Husband, Ms. Fryman had moved out of Wife's house after residing there for five months.

Following discovery and unsuccessful mediation, Wife moved for summary judgment and an award of her attorney's fees. For the purposes of her motion, Wife conceded that she had "cohabited" with Ms. Fryman from June to November 2019, but noted that the cohabitation ended prior to the filing of Husband's petition to terminate alimony. Wife argued that the MDA's inclusion of the phrase "pursuant to Tenn. Code Ann. 36-5-121(f)" affords her the opportunity to rebut the presumptions found in Tennessee Code Annotated § 36-5-121(f)(2)(B) if she is cohabitating with someone to whom she is not related by blood. She also relied on a series of cases that stand for the proposition that "the living situation at the time of trial must be considered in determining whether the statute applies." *See Wiser*, 2015 WL 1955367, at *5 ("An obligor spouse cannot rely on Tenn. Code Ann. § 36-5-121(f)(2)(B) to terminate or suspend alimony

---

[1] Pursuant to Tennessee Court of Appeals Rule 10, this Court may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The parties agreed that Husband shall pay to Wife alimony in futuro as follows:

$9,000 per month for a period of twelve (12) months; from May 1, 2018 to April 30, 2019;
$7,000 per month for a period of twelve (12) months, from May 1, 2019 to April 30, 2020;
$5,000 per month for a period of thirty-six (36) months from May 1, 2020 to April 30, 2023; and $3,000 per month every month thereafter.

payments if the alleged cohabitation ceased before the modification petition was tried."); *accord Hickman v. Hickman*, No. E2013-00940-COA-R3-CV, 2014 WL 786506, at *4 (Tenn. Ct. App. Feb. 26, 2014); *Strait v. Strait*, No. E2005-02382-COA-R3-CV, 2006 WL 3431933, at *5–6 (Tenn. Ct. App. Nov. 29, 2006); *Evans v. Evans*, No. M2002-02947-COA-R3-CV, 2004 WL 1882586, at *5 (Tenn. Ct. App. Aug. 23, 2004); *Woodall*, 2004 WL 2345814, at *5. Therefore, Wife asserted that Husband had no cause of action because the cohabitation had ceased.

Husband conceded that Ms. Fryman was no longer cohabitating with Wife. However, he argued that this fact was immaterial because the MDA's termination clause operated automatically "upon" Wife's cohabitation with another person unrelated by blood. He asserted that his alimony obligation should be terminated based on the plain language of the MDA that states that "said alimony shall terminate upon the death of Husband or Wife, the remarriage of Wife, o[r] Wife's cohabitation with someone to whom she is not related by blood pursuant to Tenn. Code Ann. 36-5-121(f)."

After a hearing, the trial court agreed with Wife and held that "the inclusion of the reference to the alimony statute connotes an intent to rely on the factors in that statute that create a rebuttable presumption." The court also found that it had "no authority to terminate or suspend [Husband]'s alimony obligation" because "cohabitation ceased prior to the filing of [Husband]'s Petition in January of 2020." Thus, the court held that Husband's "cause of action extinguished upon the cessation of the alleged cohabitation."

For this reason, the trial court granted Wife's Motion for Summary Judgment and summarily dismissed Husband's petition. This appeal followed.

## ISSUES

Husband raises four issues on appeal, which we consolidate and restate as follows:

1. Whether the trial court erred by holding that the MDA's reference to § 36-5-121(f) connotes an intent to apply § 36-5-121(f)(2)(B) in the context of cohabitation;

2. Whether the trial court erred in holding that it had no authority to terminate Husband's alimony obligation because the cohabitation had ceased; and

3. Whether Husband should be granted his reasonable attorney's fees for this appeal.

Wife requests an award of her appellate attorney's fees but raises no other issues.

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Likewise, we review a trial court's interpretation of a marital dissolution agreement de novo without a presumption of correctness. *See Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006).

## ANALYSIS

### I. INCORPORATION OF TENNESSEE CODE ANNOTATED § 38-5-121(F)

The trial court found that the inclusion by reference of the alimony statute, Tennessee Code Annotated § 38-5-121(f), connoted an intent to rely on the subdivision that creates a rebuttable presumption regarding alimony when cohabitation is at issue. The court also found that Husband's cause of action extinguished upon the cessation of the cohabitation, which occurred prior to the filing of the petition. Thus, it dismissed the petition.

Husband acknowledges that his right to terminate alimony is qualified by the phrase "pursuant to Tenn. Code Ann. [§] 36-5-121(f)," but he contends that subsection (f)(2)(B) cannot apply because it conflicts with the MDA's plain language. The MDA states that "alimony shall terminate upon . . . Wife's cohabitation with someone to whom she is not related by blood," but § 36-5-121(f)(2)(B) says that alimony may be suspended if the alimony recipient "lives with another person" and the recipient cannot show a continuing need for support. *See, e.g.*, *Wright v. Quillen*, 83 S.W.3d 768, 775–76 (Tenn. Ct. App. 2002).

Wife maintains her position that the phrase "pursuant to [§] 36-5-121(f)" means that Husband must move forward under the cohabitation statute, Tennessee Code Annotated § 36-5-121(f)(2)(B), but that he is unable to do so because the cohabitation had ceased.

### A.

Marital dissolution agreements "are generally subject to the rules governing construction of contracts." *Barnes*, 193 S.W.3d at 498 (citations omitted). The goal of contract interpretation is "to ascertain and give effect to the intent of the parties." *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013) (citations omitted). "We initially determine the parties' intent by examining the plain and ordinary meaning of the written words that are 'contained within the four corners of the contract.'" *Id.* (citation omitted).

But "[w]here a written contract refers to another instrument and makes the terms and conditions of such other instrument a part of it, the two will be construed together as the agreement of the parties." *McCall v. Towne Square, Inc.*, 503 S.W.2d 180, 183 (Tenn.

- 4 -

1973) (quoting 17A Am. Jur. 2d Contracts § 263). Likewise, "When a contract expressly incorporates a statutory enactment by reference, that enactment becomes part of the contract for the indicated purposes just as though the words of that enactment were set out in full in the contract." 11 Williston on Contracts § 30:19 (4th ed.); *accord Thomas & Assocs. v. Metro. Gov't of Nashville*, No. M2001-00757-COA-R3-CV, 2003 WL 21302974, at *12 (Tenn. Ct. App. June 6, 2003). This "means simply that if there are any provisions in one instrument limiting, explaining, or otherwise affecting the provisions of another, they will be given effect as between the parties themselves." *McCall*, 503 S.W.2d at 183.

Because Tennessee Code Annotated § 38-5-121(f) was incorporated by reference in the same clause as cohabitation, it is readily apparent, regardless of which rule of construction we utilize, that the parties intended for Tennessee Code Annotated § 36-5-121(f) to apply in a dispute concerning cohabitation. Thus, we affirm the trial court's ruling on this issue. *See Witham v. Witham*, No. W2000-00732-COA-R3-CV, 2001 WL 846067, at *4 (Tenn. Ct. App. July 24, 2001) (holding that an MDA made "it clear that the parties intended to incorporate the rebuttable presumption set forth in the statute" by incorporating the statute immediately after stating that alimony was "terminable if Wife cohabited with an unrelated person of the opposite sex").

B.

Having determined that Tennessee Code Annotated § 36-5-121(f) applies, we now consider whether the trial court erred by dismissing the petition because the cohabitation had ceased.

In *Woodall v. Woodall*, No. M2003-02046-COA-R3-CV, 2004 WL 2345814 (Tenn. Ct. App. Oct. 15, 2004), we noted that "the situation that existed at the time of trial must be considered in applying [Tennessee Code Annotated § 38-5-121(f)(2)(B)]." *Id.* at *5. As we explained:

> That is because, first, the statute uses the present tense, "In all cases where a person is receiving alimony in futuro and the alimony recipient **lives** with a third person . . . ." Second, even if the presumptions of support and lack of need arise and are unrebutted, the court's remedy is to "**suspend** all or part of the alimony obligation," not terminate the alimony. The clear implication is that if the situation justifying suspension ceases to exist, the alimony recipient may seek reinstatement or support from the former spouse.
>
> Thus, a cohabiting alimony recipient whose alimony is suspended in whole or in part on the basis of Tenn. Code Ann. § 36-5-101(a)(3) could later seek a reinstatement or modification based on changed circumstances, specifically that he or she is no longer living with a third person and is no longer receiving any support from, or contributing support to, that person. We can see no

authority for, and no purpose to be served by, requiring a ruling based on past cohabitation and the filing and hearing of a subsequent request for reinstatement when cohabitation ceases before the trial on the original modification petition. The trial court should, as did the court herein, consider the situation that existed at trial.

*Id.* at \*5 (emphasis in original) (citations omitted); *see also Azbill v. Azbill*, 661 S.W.2d 682, 687 (Tenn. Ct. App. 1983) (suspending alimony payments "until such time as a change of circumstances warrants reinstatement in whole or in part").

Subsequently, in *Wiser v. Wiser*, No. M2013-02510-COA-R3-CV, 2015 WL 1955367 (Tenn. Ct. App. April 30, 2015), we relied on the reasoning in *Woodall* and other authorities to conclude that "[a]n obligor spouse cannot rely on Tenn. Code Ann. § 36-5-121(f)(2)(B) to terminate or suspend alimony payments **if the alleged cohabitation ceased before the modification petition was tried**." *Id.* at \*5 (emphasis added). We have reached similar conclusions in other cases. *See Gentry v. Gentry*, No. M2007-00876-COA-R3-CV, 2008 WL 275881, at \*4–5 (Tenn. Ct. App. Jan. 31, 2008) (holding that "there could be no presumption that [the wife] was receiving or providing financial assistance due to cohabitation" because she was "living alone in the marital residence long before the petition was filed"); *Strait*, 2006 WL 3431933, at \*6 (concluding that "the cohabitation had ended, rendering Tenn. Code Ann. § 36-5-121(f)(2)(B) inapplicable going forward").

Here, it is undisputed that the cohabitation at issue ceased prior to the filing of the petition. Accordingly, we affirm the decision to dismiss Husband's petition.

## II. ATTORNEY'S FEES

Both Husband and Wife have asked for an award of their appellate attorney's fees under Paragraph 26 of the MDA, which states as follows:

In the event that, at a future date, it becomes necessary for either party to institute or defend legal proceedings to enforce this Agreement or any provision thereof, the successful party shall be entitled to a judgment for reasonable expenses, including attorneys' fees, and court costs, incurred in prosecuting any action, including an action for criminal or civil contempt of Court.

Husband brought this action to enforce the MDA's termination clause. As a result, Wife found it necessary to defend against Husband's legal proceeding. Wife has also prevailed in this appeal. The MDA states that "the successful party **shall** be entitled to a judgment for reasonable expenses, including attorneys' fees, and court costs, incurred in prosecuting any action." (Emphasis added). Because the term "shall" is mandatory, Wife is entitled by contract to an award of her reasonable expenses, including attorney fees. *See Eberbach v. Eberbach*, 535 S.W.3d 467, 474 (Tenn. 2017).

On remand and application by the parties, the trial court shall determine reasonable expenses, including the attorney's fees and court costs incurred by Wife in defending this appeal, and enter judgment accordingly.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal assessed against the appellant, Alfred C. Schwab, III.

_____
FRANK G. CLEMENT JR., P.J., M.S.